PER CURIAM.
William Chew, M.D., an ear, nose and throat specialist, was charged in an eight count complaint by the State Board of Medical Examiners of Florida with fraud in the practice of medicine within the intent and meaning of the Medical Practice Act, § 458.12(1) (a), F.S.1967, and with unprofessional conduct in the practice of medicine within the intent and meaning of the Medical Practice Act, § 458.12(1) (j), F.S.1967. Following negotiations and correspondence between the attorney for the *543 Board and petitioner’s attorney a settlement hearing was held and it was determined that the Board should hold a hearing on the complaint.
A hearing officer was appointed and he entered his recommended order. The Board chose to follow neither its attorney’s recommendation nor the recommendation of the hearing officer; but instead entered its own order, suspending Dr. Chew’s license to practice medicine and surgery in the State of Florida for a period of ninety days; that his license and privilege to practice medicine and surgery in the State of Florida be limited or restricted, so that he be precluded from performing any surgical, restorative, or corrective techniques or procedures involving the ear or any appurtenances thereto for a period of two years; and in addition, that Dr. Chew’s license and privilege to practice any surgery in the State of Florida be limited or restricted so that he be precluded from performing any surgery or surgical techniques or procedures for a period of two years; and during this two year period, Dr. Chew demonstrate as prerequisite to renewing said surgical practice that he has attended and completed an appropriate course of study in said discipline approved in advance by the Executive Director of the Board.
We have no quarrel with the factual conclusions of the Board as they relate to a basis for restrictive and punitive measures. However, the entire matter involved Dr. Chew’s conduct in performing certain operations relating to the human ear, particularly stapedectomies and fenestrations. There was not one scintilla of evidence that he is not professionally ethical or proficient in other areas of the practice of medicine or surgery. Accordingly, we are of the view that the Board grossly abused its discretion in suspending Dr. Chew’s license and privilege to practice medicine and surgery in the State of Florida for a period of 90 days and in suspending such license and privilege to practice any surgery for a period of two years. Clearly, it was proper to limit or restrict him in the performance of surgical, restorative or corrective techniques or procedures involving the ear and to impose the further educational requirements relating thereto. Moreover, we think the entire probationary period of two years was fitting and amply supported by the record. But total suspension from the general practice of medicine and/or surgery, except that relating to the ear and appurtenances, for cmy period appears to us to be unwarranted.
In reaching this conclusion we recognize it is not this court’s prerogative to substitute its judgment for that of the Board; and we do not do so. We simply point out that there must be some evidence to justify each factual determination made and the totality of such facts must obviate suspicion of arbitrary punishment or restriction.
The final order of the State Board of Medical Examiners, therefore, should be, and it is hereby, quashed and the cause is remanded with directions to enter an order consistent with this opinion.
Certiorari granted.
LILES, A. C. J., and HOBSON and McNULTY, JJ., concur.